English v Procter & Gamble Mfg. Co. (2021 NY Slip Op 02984)





English v Procter & Gamble Mfg. Co.


2021 NY Slip Op 02984


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Gische, J.P., Kapnick, Oing, Singh, JJ. 


Index No. 190346/18 Appeal No. 13823NM-1248 Case No. 2020-04213 

[*1]Linda English, et al., Plaintiffs-Respondents, Avon Products, Inc., et al., Defendants,
v
Procter & Gamble Manufacturing Company , as Successor-in-Interest to Shulton. Inc. Defendant-Appellant.


Goldberg Segalla LLP, New York (David E. Rutkowski of counsel), for appellant.
Simmons Hanly Conroy, LLC, New York (James M. Kramer of counsel), for respondents.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered March 5, 2020, which, upon reargument, adhered to its prior order denying defendant's motion to dismiss the complaint pursuant to CPLR 327 on the ground of forum non conveniens, unanimously affirmed, without costs.
The court providently denied defendant's motion to dismiss the complaint on the ground of forum non conveniens (see CPLR 327; Islamic Republic of Iran v Pahlavi , 62 NY2d 474, 478-479 [1984], cert denied 469 US 1108 [1985]). The task of determining whether an action should be dismissed based on forum non conveniens is committed to the sound discretion of the motion court. We find no improvident exercise of that discretion.
Defendant did not meet its heavy burden of showing that a substantial nexus with New York is lacking here, as plaintiff's allegations and evidence connect defendant's products to New York, including deceased plaintiff's use of defendant's products hundreds of times in New York. Although defendant calls plaintiff's evidence a "red herring," its own materials demonstrate that it developed and marketed its talcum products in New York City during the period of plaintiff's exposure.
We have considered defendant's remaining arguments and find them unavailing.
M-1248—English v Procter & Gamble Mfg. Co. 
Motion for or an order pursuant to 22 NYCRR 1250.10(c) vacating the dismissal of prior appeal from the November 18, 2019 order (2020-04397), and deeming that appeal withdrawn, granted
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021